Dear Chief Minor:
You have asked this office to advise you whether a full time police officer employed by the Town of Baldwin may also hold the elective office of councilman for the City of Franklin.
The Dual Officeholding and Dual Employment laws of this state, LSA-R.S. 42:61, et seq., govern the legality of the concurrent holding of certain positions. These prohibitions are specified in the language of LSA-R.S. 42:63(D), which provides in pertinent part:
 D. No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . . (Emphasis added).
The municipalities of Baldwin and Franklin are separate political subdivisions as defined in LSA-R.S. 42:63(9), stating:
 (9) "Political subdivision" means a parish, municipality and any other unit of local government, including a school board and a special district, authorized by law to perform governmental functions. In addition for the purposes of this Part., mayor's courts, justice of the peace courts, district attorneys, sheriffs, clerks of court, coroners, tax assessors, registrars of voters, and all other elected parochial officials shall be separate political subdivisions.
The office of city councilman is a local elective office in the municipality, while a police officer holds municipal employment. There is a prohibition against holding local elective office and employment in the same political subdivision, but there is no prohibition *Page 2 
against holding local elective office, such as city councilman, and holding employment in a separate political subdivision, such as police officer in another municipality.
Further, you suggest that a police officer holds appointive office; however, a police department employee holds a position of employment as defined by the dual officeholding laws.
For your further review, we quote the following pertinent sections of LSA-R.S. 42:62:
 "Elective office" is defined as:
 ". . . . . means any position which is established or authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof, which is not a political party office and which is filled by vote of the citizens of this state or of a political subdivision thereof." R.S. 42:62(1).
"Employment" is defined as:
 ". . . . any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof." R.S. 42:62(3).
"Appointive office is defined as:
 ". . . . any office in any branch of government or other position on an agency, board, or commission or any executive office of any agency, board, commission, or department which is specifically established or specifically authorized by the constitution or laws of this state or by the charter or ordinances of any political subdivision thereof and which is filled by appointment or election by an elected or appointed public official or by a governmental body composed of such officials of this state or of a political subdivision thereof." R.S. 42:62(2).
"Full time" is defined as:
 ". . . . seven hours per day of work and at least thirty-five hours per week of work." R.S. 42:62(4).
"Part time is defined as:
 ". . . . less than the number of hours of work defined as full time." LSA-R.S. 42:62(5). *Page 3 
In summary, the law does not prohibit one from holding the local elective office of councilman and employment as a police officer in a separate political subdivision. Thus, the officer employed by the Baldwin police department may also serve as councilman for the City of Franklin.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL